IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RICHARDO SANTANA ACOSTA | ) | CASE NO. 4:10CV2037 |
| Petitioner | ) | |
| | ) | JUDGE PATRICIA A. GAUGHAN |
| v. | ) | |
| UNITED STATES OF AMERICA | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Respondent. | ) | |

Richardo Santana Acosta, incarcerated in the Northeast Ohio Correctional Center, Youngstown, Ohio, filed a "Motion for Completion of Sentence Under Home Detention for a Early Deportation" in the United States District Court for the Southern District of New York. The court construed the Motion as being a Petition for Writ of Habeas Corpus which is required to be filed against the warden of the facility where the prisoner is being held. *Rumsfeld v. Padilla*, 542 U.S. 426 (2004). Thus, the action was transferred to this Court. Petitioner asserts that he is eligible for home detention of 10% or six months, whichever is lower, for completion of his sentence pursuant to the Second Chance Act, 18 U.S.C. § 3624(c)(2). Because he is a deportable alien, he is ineligible to receive the rewards offered for the resident drug abuse program and cannot receive a timely half-way house release. He contends that his ineligibility for placement in a half-way house because he is an alien violates the Equal Protection Clause. Petitioner has not presented any information concerning his nationality, the length of his prison term, or the country to which he may be deported.

This matter is before the Court for screening. 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736 *1 (6th Cir. Oct. 22, 2002). At this stage, allegations in the petition are taken as true and liberally construed in petitioner's favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir.2001). Since

Whitaker is appearing *pro se*, his Petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir.2003), *overruled on other grounds, Jones v. Bock*, 549 U. S. 199 (2007); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir.1999). For the reasons set forth below, his Petition lacks merit.

A federal prisoner must exhaust his administrative remedies prior to filing a habeas petition under § 2241. *Fazzini v. Northeast Ohio Correctional Center,* 473 F.3d 229, 231 (6th Cir.2006); *Little v. Hopkins,* 638 F.2d 953, 953-54, (6th Cir.1981). Administrative remedies available to inmates confined in BOP institutions, are set out in 28 C.F.R. §§ 542.10-542.19 (2000). Section 542.13(a) requires that an inmate first informally present his complaint/request to the staff, thereby providing them with an opportunity to act to correct the problem, before filing a request for an administrative remedy. If unsuccessful, he may initiate the formal remedy process by filing a written request (a BP-229 form, formerly a BP-9) to the Warden within "20 calendar days following the date on which the basis of the Request occurred." *See* § 542.14(a). If the inmate is not satisfied with the Warden's response, he may appeal to officials outside the prison with a BP-230 form (formerly BP-10) to the Regional Director for the geographical region in which the inmate's place of confinement is located, and then to the Office of General Counsel of the BOP (a BP-231, formerly BP-11). *See* § 542.15(a)-(b). Petitioner has not exhausted his administrative remedies. For that reason alone, the Petition must be dismissed.

The Sentencing Reform Act provides that "[t]he Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into

2

the community." 18 U.S.C. § 3624(b). An exception for half-way house placement is premised on the fact that an alien prisoner who is to be deported will not re-enter the community.

The Supreme Court has held that the scope of judicial inquiry is considerably narrower when the federal government takes action in the area of immigration and naturalization. *Fiallo v. Bell,* 430 U.S. 787, 792 (1977). Any distinctions made by the federal government between aliens and non-aliens receive only rational basis scrutiny. *Dallas v. Sniezek*, 2007 WL 682564 *2 (N.D. Ohio, Mar. 1, 2007). Under rational basis scrutiny, a statute is "accorded a strong presumption of validity" and will be upheld if "any reasonably conceivable state of facts" could demonstrate that the statute is rationally related to a legitimate government purpose." *Heller v. Doe by Doe,* 509 U.S. 312, 319-20 (1993). The Court in *Heller* stated, "[a] classification does not fail rational-basis review because it 'is not made with mathematical nicety or because in practice it results in some inequality.' The problems of government are practical ones and may justify, if they do not require, rough accommodations...." *Id.,* at 321 (citing *Metropolis Theater Co. v. City of Chicago,* 228 U.S. 61, 69-70 (1913) (citations omitted)).

Residential Re-entry Centers are usually located near a prisoner's release destination. An alien prisoner, who is a citizen of another country and facing deportation, has no resident community in the United States. Moreover, a released alien prisoner who is subject to deportation, may abscond under minor observation. Unless the prisoner's deportable status changes before his prison terms ends, there is no indication that the Bureau of Prisons would be willing to assume the risk of losing physical custody of that inmate before his prison term ends. Therefore, a rational basis exists for differentiation between alien and non-alien prisoners . *Dallas,* 2007 WL 682564 at * 3.

Accordingly, this action is dismissed. *See* 28 U.S.C. § 2243. The Court finds that Petitioner

3

has not made a showing of the denial of a constitutional right and declines to issue a Certificate of

Appealability.  28 U.S.C. § 2253(c)(2).

    IT IS SO ORDERED**.**


Date:  11/3/10                                                /s/ Patricia A. Gaughan
                                                        JUDGE PATRICIA A. GAUGHAN
                                                        UNITED STATES DISTRICT JUDGE